

August 30, 2010

Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201



Re: <u>Gustave, et al. v. City of New York, et al., 10CV3314</u>

Dear Judge Mann:

    We are in receipt of Alexandra Corsi's letter to you dated August 26, 2010 and Roberta L. Martin's letter to Judge Matsumoto dated August 20, 2010. <u>See</u> Letter from Alexandra Corsi at pp.1. <u>See</u> Letter from Roberta L. Martin at pp. 1,2. It appears that they want to "bury" service defenses in their answers without waiting until the statute of limitation run out. This is to move for summary judgment based on the defense so that action will be dismissed, and we would be prevented from bring another action.

For example, first, in Corsi's letter dated August 26, 2010, the letter states, "Plaintiff's sole mailing of complaint is not proper service pursuant to **Rule 4(e)** of the Federal Rules of Civil Procedure." Police Officers[1] were served correctly according to Rule 4 (e)(1) which states, " Unless federal law provide other wise, an individual may be served in a judicial district of the United States by following state law for serving an action brought in court of general jurisdiction in the state where the District Court is located." Therefore,

---

[1] Sergeant Zanleone, Police Officer James Washington, Police Officer Marconi, and Sergeant Lee Benjamin

Police Officers were properly served under the law of the state of New York. See Article 3 § 308(2) of the Civil Practice Law and Rules.

Second, regarding Roberta L. Martin's letter which states, "Plaintiff failed to properly effectuate service upon the State defendant under either federal rule of Civil Procedure 4(j)(2) or CPLR 307(2)." On August 27, 2010, Process server, Jenny Gustave tried to serve a copy of the summons and complaint upon the New York Office of the Attorney General, and service was attempted but failed. The submitted proof of service gives detailed description of the attempt to personal service the New York Office of the Attorney General. Defendant[2] refused service, nor did the person designated to receive service want to give their name and title so that the Process server could properly identify them on proof of service. Process server was told to make an appointment to serve complaint and summons. As of yet, Process server have not successfully reach Office of Attorney General to schedule an appointment.

To resolve all issues regarding service of complaint and summons, we request Honorable Court pursuant to Rule 4(m) of the Federal Rules of Civil Procedure to extend time to serve Summons upon defendants. Also, Plaintiffs request substituted service upon the defendants via:

> 1) Substituted delivery: leaving a copy of the summons and complaint with a person other than defendant at defendants' residence or place of business by certified mail. Envelope will be marked, "Personal and confident" or "Urgent legal mail."
>
> 2) In the event no one can be found to receive the summons and complaint by personal or substituted delivery, Process server serve the summons and complaint by affixing copies on the door of defendants residence or business.

These manners of service will be reasonably effective in giving Defendants notice of suit because the above specified location is the Defendants place of business or residence.

---

[2] The New York Office of Attorney General

Consequently, in the interest of justice, judicial economy, and Plaintiffs being novice at law, Plaintiffs respectfully request to extend time to serve Summons and complaint and substituted service upon the defendants.

Thank you for your consideration herein.

Respectfully submitted,

Merandé Sondra Gustave

cc: <u>By mail</u>

Alexandra Corsi
The City of New York
Law Department
100 Church Street
New York, N.Y. 10007

Roberta L. Martin
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271