**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**EDWINA K. GUSTAVE**
**and MERANDÉ S. GUSTAVE,**

                         **Plaintiffs,**

                -against-

**CITY OF NEW YORK, et al.,**

                         **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**10-CV-3314 (KAM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

*Pro se* plaintiffs Edwina and Merandé Gustave ("Edwina," "Merandé," and, collectively, "plaintiffs") filed the above-referenced civil suit (the "instant Civil Matter"), asserting claims arising from Edwina's arrest on April 20, 2009 and subsequent state criminal prosecution (the "Criminal Proceeding").[1] Plaintiffs allege that several officers of the New York Police Department ("NYPD") entered their home without permission or cause, arrested Edwina without cause, and assaulted both plaintiffs during the course of the arrest. See Compl. at pp. 3, 5, 15, ECF Docket Entry ("D.E.") #1. Plaintiffs also allege that Edwina is being maliciously prosecuted and that numerous procedural violations have occurred during the Criminal Proceeding. See generally id. at pp. 7-15. The Criminal Proceeding is still pending

---

[1] Defendants include: the City of New York; New York City Police Department, including four officers in their individual capacities; the Criminal Court of the City of New York, County of Queens ("Queens Criminal Court"); Civilian Complaint Review Board ("CCRB"); and North Shore Hospital/Long Island Jewish Health System ("North Shore"). The City of New York and the CCRB are jointly represented in the instant Civil Matter and are collectively referred to herein as the "City defendants."

in Queens County Criminal Court.[2]

Currently pending before this Court is the City defendants' request for a stay of the instant Civil Matter pending the disposition of the Criminal Proceeding, and plaintiffs' cross-motion for a stay of the Criminal Proceeding.

For the reasons that follow, with one limited exception, the City defendants' request for a stay of the instant Civil Matter is granted, and plaintiffs' cross-motion to stay the Criminal Proceeding is denied.

## PROCEDURAL HISTORY

The instant Civil Matter was transferred to this Court from the District of Columbia on June 28, 210. See Order (June 28, 2010), D.E. #3. Various defendants were served on August 13, 2010. See Summonses (Aug. 13, 2010), D.E. #4-#11.

In a letter dated August 26, 2010, the City defendants first requested a stay of the instant Civil Matter, pending the disposition of plaintiff Edwina's parallel Criminal Proceeding. See Letter to the Court from Alexandra Corsi (Aug. 26, 2010) ("City 8/26/10 Letter") at 2, D.E. #14. The Court denied this request without prejudice, providing the City defendants an opportunity to renew its request after attempting to secure plaintiffs' consent. See Order (Aug. 26, 2010), D.E. #16. After plaintiffs failed to respond to an inquiry from the City defendants, the latter renewed their request for a stay. See Letter to the Court from Alexandra Corsi (Sept. 7, 2010) ("City 9/7/10 Letter") at 2, D.E. #21; Letter to the Court

---

[2] The docket number is 2009QN043436. Edwina's next appearance is scheduled for October 12, 2010. See Letter to the Court from Edwina Gustave (Sept. 23, 2010) ("Edwina 9/23/10 Letter") at 3, D.E. #33.

from Alexandra Corsi (Sept. 21, 2010) ("City 9/21/10 Letter") at 2, D.E. #31.

Both plaintiffs now object to a stay of the instant Civil Matter, see Letter to the Court from Edwina Gustave (Sept. 8, 2010) ("Edwina 9/8/10 Letter") at 1, D.E. #26; Letter to the Court from Merandé Gustave (Sept. 23, 2010) at 1, D.E. #35, and request that the Court instead stay Edwina's Criminal Proceeding. See, e.g., Letter to the Court from Merandé Gustave (Sept. 13, 2010) ("Merandé 9/13/10 Letter") at 1, D.E. #27; Letter to the Court from Merandé Gustave (September 23, 2010) ("Merandé 9/23/10 Letter") at 1-3, D.E. #34. The City defendants and Queens Criminal Court all oppose a stay of the Criminal Proceeding. See City 9/21/10 Letter at 2, D.E. #31; Letter to the Court from Roberta L. Martin (Sept. 21, 2010) ("Queens Criminal Court 9/21/10 Letter") at 1-2, D.E. #32.

## DISCUSSION

### I. Plaintiffs' Motion to Stay the State Criminal Proceeding

The law is clear that as a general rule, federal courts may not enjoin state court proceedings. See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Younger v. Harris, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."). Federal courts may enjoin state criminal proceedings only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." Younger, 401 U.S. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243 (1926)). "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution,

could not by themselves be considered 'irreparable' in the special legal sense of that term." Id. at 46. Thus, where the injury to the accused is "solely that incidental to every criminal proceeding brought lawfully and in good faith, . . . he is not entitled to equitable relief," even where the statute under which he is prosecuted is to be claimed unconstitutional. Id. at 49 (internal quotation and citations omitted). A challenge to a state prosecution as "unauthorized and hence unlawful" will not, without more, warrant federal intervention. Id. at 46 (quoting Watson v. Buck, 313 U.S. 387, 400 (1941)).

Plaintiffs have not demonstrated that the continuation of the Criminal Proceeding against Edwina creates a danger of great and immediate irreparable loss, within the meaning of Younger. As the sole basis for any alleged injury, plaintiffs cite "North Shore/LIJ Health Systems allegations . . . [sic]." Merandé 9/13/10 Letter at 1, D.E. #27. The referenced "allegations," however, are North Shore's denial of any involvement in causing the injuries alleged in the civil complaint, and denial of any knowledge of or liability for any criminal acts by third parties. See North Shore's Answer (Aug. 25, 2010) ¶¶ 8, 10, D.E. #15. Contrary to plaintiffs' assertions, North Shore's denial of liability for any criminal acts committed by others does not constitute evidence that some other party did in fact engage in such acts, nor does it show a danger of irreparable injury. Plaintiffs do not contend that the continuation of the Criminal Proceedings poses any injury other than that inherent in any criminal prosecution -- an insufficient basis for intervention by a federal court. See Younger, 405 U.S. at 49. Whatever the validity of the criminal charges or state court rulings, federal intervention is not available except to prevent great and immediate irreparable injury to the accused. See id. at 45. Where, as here, no such injury is threatened, a federal court will not interfere with a state

criminal prosecution. Therefore, plaintiffs' motion to stay the Criminal Proceeding is denied.

## II. The City Defendants' Motion to Stay The Federal Civil Matter

In contrast, federal courts have the discretionary authority to stay a civil action pending the resolution of a parallel criminal case when "the interests of justice" so require. United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (listing numerous cases in which federal courts stayed civil proceedings pending the completion of parallel criminal prosecutions); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (ordering stay of civil rights action pending resolution of parallel state criminal proceedings). A stay may be appropriate for reasons of judicial economy and to await the state court's resolution of overlapping issues. See, e.g., Mack, 835 F.2d at 999 (a stay of federal civil action was warranted "because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) (a federal court has discretion to stay its own proceedings pending a state court decision, "to avoid[] wasteful duplication of judicial resources and [to] hav[e] the benefit of the state court's views").[3]

To proceed with the instant Civil Matter while the Criminal Proceeding is pending would be inefficient and wasteful, given the substantial overlap between the two actions. The claims alleged in the instant Civil Matter and the charges in the Criminal Proceeding both stem

---

[3] In addition, courts also consider the need to protect civil plaintiffs who are criminal defendants in the related matters; however, because the Gustaves oppose a stay of the instant Civil Matter, that concern is inapplicable here. See, e.g., Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995) ("[T]he denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery [beyond legal limits], expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.").

from Edwina's arrest on April 20, 2009. See generally Compl.; City 8/26/10 Letter at 1-2, D.E. #14. Plaintiffs allege that NYPD officers arrested Edwina without a warrant or probable cause and assaulted her and Merandé after they questioned the officers' identities and refused the officers entry into their home. See Compl. at pp. 2-3, 5, 15-16. Edwina was then charged with obstructing governmental administration (in violation of N.Y. Penal Law § 195.05),[4] and resisting arrest (in violation of N.Y. Penal Law § 205.30).[5] Compl. at pp. 6-7. Plaintiffs further allege procedural irregularities at all stages of the encounter and ensuing prosecution, including, for example, an improper warrantless arrest, see id. at pp. 3-5; improper prolonged detention and criminal charges, see id. at p. 6; and failure to provide necessary pretrial hearings. See id. at p. 9. The state court handling the Criminal Proceeding has addressed or will likely address many of these issues and, if convicted, Edwina will be entitled to challenge these rulings on appeal. And, as the City defendants correctly contend, resolution of the Criminal Matter is likely to affect the defense response to the complaint and subsequent discovery. See City 8/26/10 Letter at 1-2, D.E. #14.

On the other hand, a stay of the instant Civil Matter will not unfairly prejudice plaintiffs. Contrary to plaintiffs' concern that a stay will deprive them of certain discovery including access to Edwina's criminal files, see Edwina 9/23/10 Letter at 2, D.E. #33, a stay

---

[4] "A person is guilty of obstructing governmental administration when he intentionally obstructs . . . the administration of law or other government function or prevents or attempts to prevent a public servant from performing an official function . . . ." N.Y. Penal Law § 195.05.

[5] "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest . . . ." N.Y. Penal Law § 205.30.

will merely delay civil discovery, not prevent it entirely. To the extent that plaintiffs were hoping to obtain through civil discovery, for use in the Criminal Proceeding, materials not available in criminal cases, that is an improper civil litigation tactic. See Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial."); accord SEC v. Downes, No. 92 Civ 4092 (PKL), 1993 WL 22126, at *12-13 (S.D.N.Y. Jan. 26, 1993).

Plaintiffs further assert that any stay should not apply to Merandé because she is not a party to the parallel criminal action and a stay of the instant Civil Matter would bar her from obtaining any remedy. See Edwina 9/23/10 Letter at 2, D.E. #33. Although Merandé is not party to the Criminal Proceeding, her civil claims and those of her sister are so intertwined, legally and factually,[6] that it would make little sense to stay the claims of one plaintiff and not the other. See Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F.Supp. 1134, 1141 (S.D.N.Y. 1995) (Chin, J.). Moreover, a stay would not prevent either plaintiff from obtaining civil remedies, but would simply delay determination of plaintiffs' entitlement to such remedies until the Criminal Proceeding is resolved.[7]

---

[6] The civil complaint alleges not only that Merandé, like Edwina, was the victim of illegal conduct by the police, see Compl. at pp. 15-16, but also that the "negligence of the Criminal Court . . . inflicted emotional distress" on Merandé. Id. at pp. 17-18.

[7] After the cross-motions to stay were filed, defendant Queens Criminal Court moved to dismiss the complaint. See Queens Criminal Court Letter (Oct. 1, 2010), D.E. #38. Depending on the circumstances of the particular case, the pendency of a dispositive motion

(continued…)

Plaintiffs further oppose a stay in the instant Civil Matter because of their continued inability to identify one person involved in Edwina's arrest and their concern that this individual was impersonating an NYPD officer. See, e.g., Merandé 9/23/10 Letter at 2, D.E. #34. Plaintiffs allege that a man who identified himself as NYPD "Officer Marconi" of the 103rd Precinct, shield number 7375, was involved in the events alleged in the civil complaint, and they request that the City investigate this officer's identity. See, e.g., Edwina 9/8/10 Letter at 3, D.E. #26. The City defendants claim that there is no current or former NYPD officer with shield number 7375, nor is there an "Officer Marconi" in the 103rd Precinct. See City 9/21/10 Letter at 2-3, D.E. #31. To provide clarity, and to enable plaintiffs to serve all NYPD officers involved in the incident complained of, the City defendants should promptly identify and provide precinct numbers for all NYPD officers involved in the events of April 20, 2009.

Accordingly, for reasons of judicial economy and to allow the unimpeded resolution of parallel issues, the Court grants the City's request to stay the instant Civil Matter pending the resolution of Edwina's state Criminal Proceeding, except to the limited extent noted in the preceding paragraph.

## CONCLUSION

For the foregoing reasons, plaintiffs' request for a stay of the state Criminal Proceeding

---

[7](…continued)
may warrant a stay of proceedings until that motion is resolved. See generally Rivera v. Inc. Vill. of Farmingdale, No. CV 06-2613 (DRH)(ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007). As the Queens Criminal Court has not sought a stay on that basis, the Court will not address the factors relevant to such an inquiry, except to note that the Queens Criminal Court has presented strong arguments for dismissing the claims against it.

is denied. By October 18, 2010, the City shall identify and provide precinct numbers for all NYPD officers involved in Edwina's arrest and processing on or about April 20, 2009. The City defendants' request for a stay of the instant Civil Matter is otherwise granted.

Any objections to the recommendations contained in this Memorandum and Order must be filed with the Honorable Kiyo A. Matsumoto on or before **October 25, 2010**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Memorandum and Order into the ECF system, and to transmit copies, by Federal Express, to *pro se* plaintiffs.

      **SO ORDERED.**

Dated:    Brooklyn, New York
           October 6, 2010

                                        **ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**