```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

EDWINA K. GUSTAVE                         NOT FOR PUBLICATION
and MERANDE S. GUSTAVE,

                Plaintiffs,        **MEMORANDUM AND ORDER**

  -against-                              10-CV-3314 (KAM)(RLM)

CITY OF NEW YORK, et al.,

                Defendants.
```
                                        X
----------------------------------------
```

**MATSUMOTO, United States District Judge:**

        Before this court are multiple letters written by *pro se* plaintiff Edwina Gustave ("E. Gustave"): (1) apparently objecting to the portions of Magistrate Judge Mann's October 6, 2010 Memorandum and Order ("Memorandum and Order") granting a stay of the instant federal action and denying a stay of a parallel criminal proceeding; (2) seeking defendants' compliance with the Memorandum and Order, which required defendants to identify and provide precinct numbers for certain New York Police Department ("NYPD") officers involved in E. Gustave's arrest on April 20, 2009; (3) seeking discovery; and (4) requesting permission to file a "Declarative Judgment in lieu of a Default Judgment" against certain defendants. (*See* ECF No. 46, Letter to the Court from E. Gustave, dated October 18, 2010 ("E. Gustave 10/18/10 Letter"); ECF No. 44, Letter to the Court from E. Gustave, October 22, 2010 ("E. Gustave 10/22/10 Letter"); ECF No. 49, Letter to the Court from E. Gustave, dated October 27, 2010

("E. Gustave 10/27/10 Letter"); ECF No. 50, Letter to the Court from E. Gustave, dated October 28, 2010 ("E. Gustave 10/28/10 Letter").)  Each of these issues will be addressed in turn.

**I. Objections to Magistrate Judge Mann's October 6, 2010 Memorandum and Order and E. Gustave's Request for Discovery**

By Memorandum and Order dated October 6, 2010, Magistrate Judge Mann stayed the instant federal civil suit ("Civil Matter") pending the disposition of a parallel state criminal prosecution ("Criminal Proceeding") and denied *pro se* plaintiffs Edwina and Merande Gustave's (collectively, "plaintiffs") cross-motion to stay the Criminal Proceeding.  (*See generally* ECF No. 40, Mem. & Order.)  The Memorandum and Order specifically concluded that: (1) the federal court lacked a sufficient basis to stay the Criminal Proceeding against E. Gustave under *Younger v. Harris*, 401 U.S. 37, 45 (1971), as plaintiffs had failed to demonstrate that continuation of the Criminal Proceeding would create a danger of great and immediate irreparable injury.  (*See id*. at 3-5.)  The Memorandum and Order also determined that a stay of the Civil Matter pending resolution of the parallel Criminal Proceeding was appropriate because proceeding with the Civil Matter while the Criminal Proceeding is pending would be inefficient and wasteful given the substantial overlap between the two actions and because a stay of

the Civil Matter would not unfairly prejudice the plaintiffs.[1]
(*See id*. at 5-8.)

E. Gustave subsequently filed multiple letters addressed to the undersigned, inquiring how long the stay of the Civil Matter will last and re-asserting her request for a stay of the Criminal Proceeding. (E. Gustave 10/18/10 Letter at 2-3; E. Gustave 10/22/10 Letter at 2-3; E. Gustave 10/27/10 Letter at 3; E. Gustave 10/28/10 Letter at 3.)[2] The court therefore construes E. Gustave's letters as a general objection to Magistrate Judge Mann's Memorandum and Order, granting defendants' motion to stay the Civil Matter and denying plaintiffs' motion to stay the Criminal Proceeding.

A district court may set aside a magistrate judge's order concerning non-dispositive matters only if the order is

---

[1] The Memorandum and Order further required that defendants City of New York and the Civilian Complaint Review Board (the "City defendants") identify and provide precinct numbers for all NYPD officers involved in the events underlying the Complaint in the instant action in order to "provide clarity, and to enable plaintiffs to serve all NYPD officers involved in the incident complained of." (Mem. & Order at 8.) The Memorandum and Order specifically stated that this requirement was a limited exception to the stay. (*Id.* at 2, 8-9.)

[2] Notice of the Memorandum and Order was sent to the defendants via the court's electronic filing system on October 6, 2010 and, although the docket does not indicate the date on which the plaintiffs received a copy of the Memorandum and Order, there is no dispute that plaintiffs, who reside at the same address, received such a copy. (*See, e.g.*, E. Gustave 10/18/10 Letter at 1-3 (referencing October 6, 2010 Memorandum and Order); E. Gustave 10/22/10 Letter at 1-3 (same); E. Gustave 10/27/10 Letter at 3 (same); E. Gustave 10/28/10 Letter at 1-3 (same).) As explicitly noted at the end of the Memorandum and Order, the parties had a right to file objections to the Memorandum and Order by October 25, 2010, and E. Gustave did so on October 18, 22, 27, and 28, 2010. (*See generally* E. Gustave 10/18/10 Letter; E. Gustave 10/22/10 Letter; E. Gustave 10/27/10 Letter; E. Gustave 10/28/10 Letter.) In the interest of fairness, the court considers the objections contained in all of the foregoing letters from the plaintiffs and the letters submitted by

3

"clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous only when the reviewing court[, based] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Deveer v. Gov't Employees Ins. Co.*, No. 07-CV-4437, 2008 WL 4443260, at *9 (E.D.N.Y. Sept. 26, 2008) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted)). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Weiss*, 161 F. Supp. 2d at 321) (internal quotation marks omitted). A magistrate judge's rulings involving a stay of proceedings are generally considered non-dispositive and are reviewed under the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also In re Comverse Tech., Inc. Derivative Litig.*, No. 06-CV-1849, 2007 WL 2743635, at *1 (E.D.N.Y. Sept. 18, 2007) (applying the "clearly erroneous or contrary to law" standard when overruling objections to a Memorandum and Order issued by a magistrate judge denying defendant's motion to stay the federal action).

The court has reviewed the Memorandum and Order and E. Gustave's letter objections and finds that Magistrate Judge Mann's carefully reasoned decision to stay the Civil Matter and

---

defendants in response.

to deny plaintiffs' request to stay the Criminal Proceeding is neither clearly erroneous nor contrary to law.  Magistrate Judge Mann carefully applied the correct legal standard and her determination that the factors of the parallel actions weighed strongly against a stay of the Criminal Proceeding and in favor of a stay of the Civil Matter are not clearly erroneous.  Thus, Magistrate Judge Mann's Memorandum and Order is affirmed in its entirety and E. Gustave's objections are overruled.

As Magistrate Judge Mann explicitly noted in the Memorandum and Order, the City defendants' obligation to provide the identities and precinct numbers for all NYPD officers involved in the events underlying the Complaint is a limited exception to the stay.  (Mem. & Order at 2, 8-9.)  Therefore, E. Gustave's request that the stay not go into effect until the City defendants provide such information is denied as moot.  (E. Gustave 10/18/10 Letter at 3; E. Gustave 10/22/10 Letter at 3.)

As the instant federal case is presently stayed, with the limited exception described herein, the plaintiffs are not entitled to discovery at this time.  Plaintiffs shall direct any motion for a preservation order and any complaints about the sufficiency of the defendants' compliance with Magistrate Judge Mann's Orders to Magistrate Judge Mann.

## II. Defendant Criminal Court of the City of New York, Queens County's Motion to Dismiss & Compliance with this Court's August 25, 2010 Order

E. Gustave correctly asserts that defendant Criminal Court of the City of New York, Queens County ("Criminal Court") did not follow this court's Individual Practices when it served on plaintiffs its Motion to Dismiss, without first requesting a pre-motion conference. (*See* E. Gustave 10/18/10 Letter at 2-3; E. Gustave 10/22/10 Letter at 2-3; E. Gustave 10/27/10 Letter at 2-3; *see also* ECF No. 38, 10/1/10 Letter to the Court from Assistant Attorney General ("AAG") Roberta Martin at 1.) Although the court granted the Criminal Court's request for an extension of time in which to respond to the Complaint, the court did not excuse the pre-motion conference requirement. (*See* 8/25/10 Order; *see also* ECF No. 45, 10/26/10 Letter to the Court from AAG Roberta Martin ("Martin 10/26/10 Letter") at 1-2.) The Criminal Court's Motion to Dismiss is therefore stricken without prejudice to refile, upon leave of the court in accordance with this court's Individual Practices, upon expiration of the stay. Because the Motion to Dismiss has been struck, plaintiffs shall not serve on defendants or file with this court their Opposition to the Criminal Court's Motion to Dismiss.

Furthermore, E. Gustave requests that a "Declarative Judgment in lieu of a Default Judgment" be entered against the Criminal Court for, *inter alia*, its failure to comply with this

6

court's August 25, 2010 Order, requiring it to serve a copy of the August 25, 2010 Order on plaintiffs and to file certificates of service by August 27, 2010. (E. Gustave 10/18/10 Letter at 2; E. Gustave 10/22/10 Letter at 2; E. Gustave 10/27/10 Letter at 1-3.) As the Criminal Court concedes, it failed to do serve the August 25, 2010 Order on plaintiffs as directed by this court. (*See* 8/25/10 Order; Martin 10/26/10 Letter at 1; E. Gustave 10/18/10 Letter at 2; E. Gustave 10/22/10 Letter at 2; E. Gustave 10/27/10 Letter at 1-2.) Roberta Martin, Esq. ("Martin"), attorney for the Criminal Court, claims that, because she had not yet filed a Notice of Appearance in this matter, she did not receive electronic notification of the August 25, 2010 Order, and that she promptly sent a copy of the August 25, 2010 Order to plaintiff as soon as she received notice to do so. (Martin 10/26/10 Letter at 1.) Although the docket reflects that Martin did not file a Notice of Appearance until September 9, 2009, the docket also indicates that Martin was the attorney who filed and signed the letter requesting an extension of time, which was granted by this court's August 25, 2010 Order. (*See* ECF No. 12, 8/20/10 Letter to the Court from AAG Roberta Martin; ECF No. 22, Notice of Appearance by AAG Roberta Martin.) Accordingly, the court does not accept the excuse that Martin did not receive electronic notification of the August 25, 2010 Order. Martin is accordingly advised to be mindful of compliance with court orders

in the future.  Nonetheless, the court does not find Martin's failure to comply with the August 25, 2010 Order to be sanctionable, as plaintiff confirms that Martin did, in fact, serve a copy of the docket sheet with the Order highlighted, albeit after the court ordered deadline.[3]  Accordingly, E. Gustave's request for a "Declarative Judgment in lieu of a Default Judgment" against the Criminal Court for failure to comply with this court's August 25, 2010 Order is denied.

**III.    Other Requests**

In her letters to the court, E. Gustave also alleges that the City defendants have not been fully compliant with the portions of Magistrate Judge Mann's October 6, 2010 Memorandum and Order directing the City defendants to identify and provide precinct numbers for all NYPD officers involved in the events of April 20, 2009.  (*See* E. Gustave 10/18/10 Letter at 1-3; E. Gustave 10/22/10 Letter at 1-3; E. Gustave 10/27/10 Letter at 1-3; E. Gustave 10/28/10 Letter at 1-3.)  As noted earlier, E. Gustave shall direct her allegations of the City defendants' failure to comply with the Memorandum and Order to Magistrate Judge Mann.

E. Gustave's requests for permission to make a "Declarative Judgment in lieu of a Default Judgment" against the

---

[3] The court notes that the August 25, 2010 Order only consisted of the entry on the docket sheet; there was no separate order attached.  Accordingly, E. Gustave's concern that Martin improperly served her by only mailing a copy of

8

City defendants for their alleged failure to timely file an answer and for failure to follow Magistrate Judge Mann's Individual Practices and against the Criminal Court for its alleged failure to timely file an answer are both denied as meritless.

The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiffs and to note the service on the docket.

**SO ORDERED.**

Dated:  November 16, 2010
        Brooklyn, New York

                                      _____/s/_____
                                      Kiyo A. Matsumoto
                                      United States District Judge

---

the docket sheet is misplaced.  (*See* E. Gustave 10/27/10 Letter at 1-2.)