UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
EDWINA K. GUSTAVE
and MERANDE S. GUSTAVE,

              Plaintiffs,      MEMORANDUM & ORDER

    - against -               10-cv-3314 (KAM)(RLM)

CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; ZANLEONE, Sergeant; PAROLE
OFFICER WASHINGTON, Police Officer,
Badge Number 2770; MARCONI, Police
Officer, Badge Number 7375; LEE
BENJAMIN, Sergeant, Tax Number 932887;
CRIMINAL COURT OF THE CITY OF NEW YORK,
County of Queens; CIVILIAN COMPLAINT
REVIEW BOARD; NORTH SHORE HOSPITAL-LONG
ISLAND JEWISH HEALTH SYSTEM,

              Defendants.
- - - - - - - - - - - - - - - - - - - X
**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

      Presently before the court are letter motions by defendants City of New York and Civilian Complaint Review Board (the "City Defendants") and defendant Criminal Court of the City of New York, County of Queens (the "State Defendant") requesting, *inter alia*, that the court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's orders. For the reasons set forth below, the complaint is dismissed with prejudice.

1

## BACKGROUND

On June 25, 2010, plaintiffs Edwina K. Gustave and Merande S. Gustave (together, "plaintiffs") commenced the above-referenced civil suit (the "instant Civil Action"), asserting claims arising from Edwina Gustave's arrest on April 20, 2009 and subsequent criminal prosecution in Queens County Criminal Court (the "Criminal Proceeding").[1] Specifically, plaintiffs alleged that several officers of the New York Police Department ("NYPD") entered their home without permission or cause, arrested Edwina Gustave without cause, and assaulted both plaintiffs during the course of the arrest. (See ECF No. 1, Compl. at 3, 5, 15.) Plaintiffs also alleged that Edwina Gustave was being maliciously prosecuted and that numerous procedural violations occurred during the Criminal Proceeding. (See generally id. at 7-15.)

On August 26, 2010, the City Defendants moved for a stay of the instant Civil Action on the basis that plaintiff Edwina Gustave's criminal charges stemming from her arrest that gave rise to the claims alleged in the instant Civil Action were pending in Queens County Criminal Court. (See ECF No. 14,

---

[1] Plaintiffs originally filed the action in the United States District Court for the District of Columbia. (See generally ECF No. 1, Complaint filed 6/25/2010 ("Compl.").) Pursuant to an order of that court dated June 28, 2010 finding that venue was proper in the Eastern District of New York, the case was transferred to this court on July 20, 2010. (ECF No. 2, Order transferring case to the U.S. District Court for the Eastern District of New York, dated 6/28/2010; ECF No. 3, Case transferred in from District of District of Columbia, dated 7/20/2010.)

Motion to Stay by City of New York, filed 8/26/2010.) The court denied the request without prejudice, directing defendants to seek plaintiffs' consent to a stay. (*See* ECF No. 16, Order dated 8/26/2010.)

On September 17, 2010, plaintiffs moved for a stay of the Criminal Proceeding pending the outcome of the instant Civil Action. (ECF No. 27, Motion to Stay the Criminal Proceeding, filed 9/17/2010.) The City Defendants renewed their motion to stay the instant Civil Action on September 21, 2010. (ECF No. 31, Motion to Stay, filed 9/21/2010.) After numerous letters in response from plaintiffs, on October 6, 2010, the court granted the City Defendants' motion to stay the instant Civil Action and denied plaintiffs' request to stay Edwina Gustave's Criminal Proceeding. (ECF No. 40, Memorandum and Order, dated 10/6/2010.) Between October 6, 2010 and August 1, 2011, plaintiffs sent numerous applications to the court, including motions for discovery, renewed motions to stay the Criminal Proceeding, and requests to lift the stay of the instant Civil Action. (*See* ECF Nos. 44, 46, 50, 54, 55, 56, 63, 64, 67, 68, 73.) The court denied these requests. (*See* ECF Nos. 52, 53, 69, 72; Orders dated 12/10/2010, 4/11/2011, 8/5/2011.) Notably, on July 29, 2011, the court notified plaintiffs that additional applications for the same relief would not be granted, and may

subject them to sanctions. (ECF No. 72, Memorandum and Order, dated 7/29/2011.)

On February 13, 2012, having heard nothing from the parties since August 1, 2011, the court directed all parties to file a status report by February 23, 2012. (ECF No. 76, Order dated 2/13/2012.) On February 23, 2012, the City Defendants and the State Defendant together filed a status letter advising the court that, upon information and belief, on August 4, 2011, plaintiff Edwina Gustave was convicted of at least one criminal charge stemming from her April 20, 2009 arrest, the incident underlying the instant Civil Action. (*See* ECF No. 77, Letter, dated 2/23/2012, Pursuant to Court's 2/13/12 Order.) The letter further stated that Edwina Gustave had failed to appear for sentencing on September 27, 2011, that a warrant had been issued for her arrest, and that the Kings County District Attorney's Office had filed additional charges against her for bail jumping. (*Id.*)

On February 24, 2012, Magistrate Judge Mann ordered all counsel of record and all *pro se* parties to appear for a scheduling conference on March 7, 2012, and warned that "[t]he failure to appear at the scheduled time will be deemed a waiver of that party's claims or defenses." (ECF No. 78, Scheduling Order, dated 2/24/2012.) Although the City Defendants and the State Defendant appeared for the conference on March 7, 2012,

neither *pro se* plaintiff appeared. (ECF No. 79, Minute Entry for Scheduling Conference, dated 3/7/2012.)

On March 19, 2012 and March 20, 2012, the State Defendant and the City Defendants, respectively, filed letters requesting a pre-motion conference in anticipation of dispositive motions to dismiss based on, *inter alia*, plaintiffs' failure to prosecute or to comply with the court's orders. (ECF No. 80, Letter Motion for Pre-Motion Conference, dated 3/19/2012; ECF No. 81, Letter Motion to Dismiss, dated 3/20/2012.) In addition to seeking dismissal of the claims against the State Defendant and City Defendants, the City Defendants also requested that the court exercise its authority to dismiss, *sua sponte*, all claims against the individual officers named in the Complaint. (ECF No. 81, Letter Motion to Dismiss, dated 3/20/2012, at 1 n.1.)

On March 20, 2012, the court issued the following order:

> Whereas pro se plaintiffs have failed to comply with prior court orders directing the parties to submit a status report by February 23, 2012 . . . and to appear for a scheduling conference on March 7, 2012 . . ., and have been notified that failure to comply could result in dismissal of their action, plaintiffs are ORDERED TO SHOW CAUSE in writing by March 30, 2012 why this case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the court's orders. In addition, all counsel of record and all

5

> pro se parties shall appear before the court
> at 10:00 a.m. on April 11, 2012 for a show
> cause hearing and, if necessary, a pre-
> motion conference to discuss the State
> Defendant's proposed motion to dismiss.
> Plaintiffs' failure to show cause in writing
> by March 30, 2012 or plaintiffs' failure to
> appear for the show cause hearing on April
> 11, 2012 will each provide separate cause
> for the court to dismiss this case for
> failure to prosecute and failure to comply
> with the court's orders. The State
> Defendant shall serve a copy of this Order
> on pro se plaintiffs and file a certificate
> of service on the docket by March 21, 2012.
> Ordered by Judge Kiyo A. Matsumoto on
> 3/20/2012.

(Order dated 3/20/2012.) On March 20, 2012, the State Defendant mailed a copy of the Order to the *pro se* plaintiffs at their address of record and filed a certificate of service on the docket. (ECF No. 82, Certificate of Service, dated 3/20/2012.)

The *pro se* plaintiffs did not respond in writing to the Order to Show cause by March 30, 2011. The court has not received any correspondence or communication from either plaintiff since August 1, 2011.

### DISCUSSION

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its

sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *id.* at 576 (citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.* In weighing the five factors, the court must consider the record of the entire case as a whole. *Id.* A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal here. First, plaintiffs have neither advanced their claims nor filed a

stipulation of dismissal. Instead, plaintiffs have failed to comply with court orders, and have allowed their case to lie dormant with no activity on their part since Edwina Gustave's August 1, 2011 letter requesting that the court stay the Criminal Proceeding, which the court denied because it lacked authority to do so. That length of time is sufficient to justify dismissal. *See e.g.*, *Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS 71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, the court gave plaintiffs notice that further inactivity and failures to comply with court orders could lead to dismissal for failure to prosecute and comply with court orders. On February 24, 2012, Magistrate Judge Mann ordered all parties to appear for a scheduling conference on March 7, 2012, and warned that "[t]he failure to appear at the scheduled time will be deemed a waiver of that party's claims or defenses." (ECF No. 78, Scheduling Order, dated 2/24/2012.) Plaintiffs failed to appear. (ECF No. 79, Minute Entry for Scheduling Conference, dated 3/7/2012.) Further, On March 20, 2012, the court specifically ordered plaintiffs to show cause by March 30, 2012 why their complaint should not be dismissed for failure to prosecute and comply with court orders, but they failed to respond. (*See* Order dated 3/20/2012.) Third, applicable case law establishes a presumption that a plaintiff's

unreasonable delay will normally prejudice a defendant. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, plaintiffs' numerous redundant motions for the same relief prior to August 2011 and their failure to appear for the scheduling conference on March 7, 2012 constituted a drain on the court's resources. Further, plaintiffs' total silence since August 2011 suggests that they have abandoned their case. Fifth, no lesser sanction than dismissal is likely to be effective in light of plaintiffs' failure to respond to the court's orders directing plaintiffs to take action or face dismissal of their case. Indeed, plaintiffs may have faced sanctions for failure to comply with court's February 13, February 24, and March 20, 2012 orders, had this case proceeded.

## CONCLUSION

For the reasons set forth above, plaintiffs' complaint is dismissed with prejudice. Any appeal must be filed within thirty days after judgment is entered in this case. Fed. R. App. P. 4(a)(1)(A). The Clerk of the Court is respectfully requested to enter judgment dismissing this action and close this case. The Clerk of the Court is also respectfully requested to serve a copy of this Memorandum and Order, along with a copy of the Appeals Packet, on plaintiffs and to note the service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
April 5, 2012

s/KAM

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York